IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ZACARIAS MARTINEZ,**

      **Plaintiff,**

v.    No. CIV 00-0607 LH/LCS

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 8), filed October 16, 2000. The Commissioner of Social Security issued a final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

1.      Plaintiff, now fifty-five years old, filed his applications for disability insurance benefits and supplemental security income on February 18, 1994, alleging disability commencing January 24, 1994, due to pain in his neck radiating into the right shoulder, pain in the thoracic spine radiating into the rib cage, numbness in the right side of his face, anxiety, and emotional spells. (R. at 18.) He has a high school education and past relevant work was as a construction worker. (R. at 22.)

2.	Plaintiff's applications were denied initially and on reconsideration. Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (R. at 94.) ALJ Gail E. Skaggs held a hearing on April 21, 1995, at which Plaintiff appeared and was represented by a non-attorney. (R. at 362.) On October 26, 1995, ALJ Skaggs issued a decision that Plaintiff was not disabled. After the Appeals Council denied his request for review, Plaintiff appealed to this Court.

3.	On June 8, 1998, this Court remanded the case upon agreement of the parties, for further evaluation of the functional limitations arising from Plaintiff's mental impairments, and for vocational expert testimony to determine the impact of all of Plaintiff's impairment on his occupational job base. (R. at 447-48.) ALJ Gerald R. Cole held a hearing on October 15, 1998, and issued an adverse decision on December 1, 1998. (R. at 400-11.)

4.	In his decision, ALJ Cole determined that Plaintiff had disability insured status through the date of the opinion. (R. at 404.) ALJ Cole analyzed Plaintiff's claim according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). At the first step of the sequential evaluation process, ALJ Cole found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, but had been working at less than substantial gainful activity as a janitor since February 1997. (R. at 404) At the second step, ALJ Cole incorporated ALJ's Skaggs findings regarding Plaintiff's physical impairments. (*Id*.) ALJ Cole found that Plaintiff's testimony did not credibly establish symptoms or functional limitations to the extent alleged. (*Id*.) ALJ Cole found that Plaintiff had the residual functional capacity to perform light to medium work with the ability to lift and carry up to twenty to forty pounds at a time, and that he should avoid occupations emphasizing interpersonal interaction and cooperation. (R. at 406.) Plaintiff was found at step four to be unable to perform his past relevant work as a construction

worker. At step five, relying on the testimony of a vocational expert, Plaintiff was found to be able to perform the jobs of janitor, caretaker or odd jobs worker, small parts assembler, cabinet finisher, advertising material distributor, and surveillance system monitor. (R. at 406.) Thus, ALJ Cole concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

5. Plaintiff filed a request for review. (R. at 395-99.) On March 11, 2000, the Appeals Council declined to assume jurisdiction. (R. at 391-93.) Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. The Appeals Council noted that Plaintiff had sixty days to seek judicial review. (R. at 329.) On April 28, 2000, Plaintiff filed this civil action, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

**Standard of Review**

6. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *See Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)). A decision of an ALJ is not supported by substantial evidence if the evidence supporting the decision is overwhelmed by other evidence on the record. *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

7. In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. §423(d)(1)(A); *Thompson v. Sullivan*, 987 F.2d at 1486. The regulations of the Social Security

Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *See Thompson v. Sullivan*, 987 F.2d at 1487.

8. At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *See id.*

**Administrative Record**

9. On June 8, 1998, this case was remanded on stipulation of the parties for further evaluation of the functional limitations arising from Plaintiff's mental impairments, and to obtain vocational expert testimony to determine the impact of all of Plaintiff's impairments on the occupational job base. (R. at 447-48.) On October 15, 1998, ALJ Cole held an evidentiary hearing and received the testimony of Plaintiff and Pamela Bowen, a vocational expert (VE). (R. at 413-46.) Plaintiff was represented by his current counsel at the hearing before ALJ Cole. (R. at 413.)

10. Plaintiff testified that he was able to read and write in English and Spanish and had been working as a janitor at a health club since February of 1997. (R. at 417-18.) He worked variable hours, was scheduled to work sixteen hours per week, and that after four hours of working,

4

his arm swelled and he experienced pain in his legs, feet, low back, testicles, and neck. (R. at 419.) Plaintiff worked part time in construction from about March to July of 1998, but had to go to the hospital after working, (R. at 421-22.) and did odd jobs for friends and relatives after 1994. (R. at 423.)

11. Plaintiff was not receiving treatment or medication for his mental problems at the time of the hearing. (R. at 424.) Previously, he had been under psychiatric treatment for a few months, and had been on medication for seven days. (R. at 424-25.) Plaintiff reported that he had not had any suicidal thoughts during the past year. (R. at 425.) He was generally able to stay on task at work and get along with others. (R. at 428.)

12. ALJ Cole asked the VE to assume that a hypothetical claimant was fifty-three years old, with a twelfth grade education, the work experience of Plaintiff, and the residual functional capacity to perform a full range of medium work reduced only by his ability to lift an carry no more than twenty to forty pounds. (R. at 433-34.) The VE testified that Plaintiff would be able to work as a janitor, caretaker or odd job worker, assembler of small parts, or a cabinet finisher. (R. at 434.)

13. The ALJ asked the VE to further assume an inability to work directly with the public. This additional factor would not eliminate any of these jobs. (R. at 435.) The VE was then asked to assume that the job must involve a minimum of interaction with others. (*Id.*) The additional factor would eliminate the small parts assembler position, and would reduce the janitor and cabinet finisher by half. (R. at 435.) However, such a person could also work as an advertising material distributor or a surveillance system monitor. (R. at 436.) In response to further questioning, the VE testified that the positions of janitor, caretaker or odd jobs worker, and cabinet finisher would be reduced by half, the small parts assembly position would be reduced by three quarters, and the surveillance system

monitor position would be reduced by one fourth. (R. at 444.)  The VE testified that all of these positions existed in the New Mexico and national economy in significant numbers. (R. at 434-36.)

**Analysis**

14.     In this appeal, Plaintiff argues that the Commissioner failed to meet his burden at step five.  Specifically, Plaintiff contends that ALJ Cole failed to inquire about the transferability of work skills from his past relevant work and that, consequently, there is no evidence that Plaintiff had the skills necessary to perform the occupations of janitor and cabinet finisher.  This argument is not supported by the record.  Plaintiff's intellectual functioning was in the average range, he had a high school education,  (R. at 89; 240), and worked part time as a janitor. (R. at 417-18.)  The VE took into account Plaintiff's testimony and education level and testified that someone such as Plaintiff would be able to perform the occupations of janitor and cabinet finisher.

15.     Moreover, the VE's testimony that Plaintiff was capable of performing two other jobs, advertising material distributor and surveillance system monitor, and that these jobs existed in significant numbers in the regional and national economy, is sufficient to meet the Commissioner's burden at step five. *See* 20 C.F.R. § 404.1566(b), 416.966(b); *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995).

16.     The second aspect of Plaintiff's step five argument is that ALJ Cole disregarded evidence that Plaintiff had problems interacting with others and, had this evidence been considered, the small parts assembler occupation would have been eliminated.  In a May 10, 1994 consultative psychiatric evaluation report, Dr. Carlos Balcazar, M.D., stated that "It is possible that he [Plaintiff] could have difficulty in his interaction with co-workers and supervisory personnel."  (R. at 176.)  However, Dr. Balcazar also stated that Plaintiff suffered from anxiety only to a "mild degree, was of

6

average intelligence and had adequate judgment to perform a work sequence.  (R. 176-76.) Moreover, ALJ Cole's hypothetical to the VE included the proviso that the claimant's residual functional capacity for medium work was limited in that he needed to avoid occupations emphasizing personal interaction and cooperation.

17. The VE testified that the additional factor would eliminate the small parts assembler position, and would reduce the janitor and cabinet finisher by half.  (*Id.*)  However, such a person could also work as an advertising material distributor or a surveillance system monitor.  (R. at 436.) The VE testified that all of these positions existed in the New Mexico and national economy in significant numbers. (R. at 434-36.)  The evidence of record supports ALJ Cole's conclusion that Plaintiff is not disabled because there are a significant number of jobs that he is able to perform. (R. at 406-407.)

18. Plaintiff further argues at step five that his past relevant work as a construction worker has a lower general education development level than the odd jobs worker or caretaker.  Once again, the VE testified that a person such as Plaintiff could work as an advertising material distributor or a surveillance system monitor. (R. at 436.)  The VE's testimony that these jobs existed in significant numbers in the regional and national economy is sufficient to meet the Commissioner's burden at step five.  *See* 20 C.F.R. § 404.1566(b), 416.966(b); *Evans v. Chater*, 55 F.3d at 532.

19. Plaintiff argues that because the surveillance system monitor position is classified as sedentary, the Medical-Vocational Guidelines, 20 C.F.R. § 404 Subpt. P, App. 2 (the "Grids") dictate a finding of disability.  This argument fails for at least two reasons.  First, ALJ Cole based his opinion on the VE's testimony.  Thus, it was not necessary for him to rely on the Grids. *See Ragland v. Shalala*, 992 F.2d 1056, 1058 (10th Cir.1993).  Second, ALJ Cole found that Plaintiff had the

residual functional capacity to perform light to medium work with the ability to lift and carry up to twenty to forty pounds at a time, and that he should avoid occupations emphasizing interpersonal interaction and cooperation. (R. at 406.) The fact that one of the occupations that the VE testified that the Plaintiff is able to perform is classified as a sedentary position, does not limit Plaintiff's residual functional capacity to sedentary work. The residual functional capacity to perform medium work necessarily encompasses the residual functional capacity to perform sedentary work. 20 C.F.R. § 404.1567 (c).

20.     Finally, Plaintiff asserts that ALJ Cole failed to consider the factors relevant to determining whether jobs exist in significant numbers suggested by *Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir.1992). A claimant will not be found disabled if he can perform "work that exists in the national economy," which means "work ... exist[ing] in significant numbers either in the region where [the claimant] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). The determination that work exists in significant numbers in the national or regional economy does not depend on whether the work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired for a job if he or she applied. *See id*. The Tenth Circuit has not established a bright line rule of how many jobs are necessary to constitute a significant number, but leaves that decision to the ALJ's "common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Trimiar*, 966 F.2d at 1330.

21.     Plaintiff asserts that the availability of jobs as an advertising distributor constitute a significant number. The VE testified there were 195,000 positions as advertising material distributor and around 567 in New Mexico. (R. at 436; 444.) The ALJ was entitled to use common sense in reaching his conclusions that these were a significant numbers. *See Trimiar*, 966 F.2d at 1330.

Moreover, 650 to 900 jobs in Oklahoma has been held to qualify as a significant number. *See id.* (holding 650 to 900 jobs in Oklahoma is significant when factors relevant to the determination have been addressed). Plaintiff has failed to establish that 195,000 jobs nationally and 567 jobs in New Mexico are not significant numbers.

22. The Commissioner's determination that Plaintiff is not disabled because he can perform jobs existing in significant numbers in the economy is supported by substantial evidence and is in accordance with the law.

## RECOMMENDED DISPOSITION

The ALJ applied the correct legal standards and the decision is supported by substantial evidence. I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 8), filed October 16, 2000, be denied, the decision of Commissioner affirmed, and this case dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**